**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NARGES MOHAMMADIAN,<br><br>                              Petitioner,<br><br>v.<br><br>ERNEST SANTACRUZ, in his official capacity as Field Office Director, ICE, Los Angeles Field Office; et al.,<br><br>                              Respondents. | Case No.:  26cv2626 DMS (JLB)<br><br>**ORDER DENYING PETITION WITHOUT PREJUDICE** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a Traverse and a Notice of Supplemental Evidence Regarding Continued Detention.  For the following reasons, the Petition is denied without prejudice.

Petitioner is a native and citizen of Iran.  On or about April 10, 2025, she entered the United States and was taken into custody by immigration officials.  On January 22, 2026, an immigration judge issued a decision in Petitioner's removal proceedings, ordering her removed to Iran subject to his order granting Petitioner's request for withholding of removal.  Neither Petitioner nor Respondents appealed that decision, accordingly the decision became final on February 23, 2026.

On April 24, 2026, Petitioner filed the present case alleging her continued detention violates 8 U.S.C. § 1231(a)(6), *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Due Process Clause.  Respondents argue Petitioner's claims are not ripe as the six-month period of presumptively reasonable detention has not yet expired.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" (referred to as the "removal period"). 28 U.S.C. § 1231(a)(1)(A).  An alien must be detained during the 90-day removal period. 28 U.S.C. § 1231(a)(2).  After the removal period, an alien not yet removed may continue to be detained or released under supervision; however, detention beyond the removal period is limited to what is reasonably necessary to bring about the alien's removal.  28 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 689.  Section 1231 contains an implicit time limitation of six months, after which post-removal detention is no longer presumptively reasonable. *Zadvydas*, 533 U.S. at 690, 701.  The petitioner has the initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which, the Government must respond with evidence sufficient to rebut this showing.  *Id.* at 701.  If removal is not reasonably foreseeable, the petitioner's detention is no longer authorized by statute.  *Id.* at 699–700.  "In that case, . . . the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances."  *Id.* at 700.

Here, Petitioner has been detained for over fourteen months, but it has only been four months since her removal order became final.  There is, therefore, a presumption that Petitioner's detention is reasonable.  To overcome that presumption, Petitioner bears the burden of showing her detention is unreasonable.

In an effort to meet that burden, Petitioner asserts Respondents have (1) failed to identify any third country willing to accept her, (2) failed to obtain travel documents for her, and (3) made "no meaningful progress toward effectuating removal."  (Pet. at 2.) Respondents do not dispute these assertions, but state they "are attempting to identify a third country for removal."  (Return at 1.)  Petitioner's assertions that her detention has

26cv2626 DMS (JLB)

become prolonged and Respondents are unlikely to find a third country willing to accept her are insufficient to overcome the presumption that her present confinement is reasonable.  Accordingly, the Petition for Writ of Habeas Corpus is denied without prejudice.

**IT IS SO ORDERED.**

Dated:  June 24, 2026

_____

Hon. Dana M. Sabraw
United States District Judge

26cv2626 DMS (JLB)